```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAHEEM EDWARDS,

                    Plaintiff,
                                           MEMORANDUM & ORDER
          -against-                        13-CV-4345 (JS)(AKT)

OFFICER D. STEFANO¹ #297 OR #2970,
in his official and individual
capacities as Officer of Nassau
County; OFFICER JOHN DOE #2853,
in his official and individual
capacities; CORPORAL JOHN DOE,
in his official and individual
capacities; OFFICER PETTE #297
OR #2970, in his official and
individual capacities; SGT.
MCNAMARA, in his official and
individual capacities; SGT. O'BRIEN,
in his official and individual
capacities; OFFICER CARPIO #3003,
in his official and individual
capacities; CORPORAL ANDERSON, in
his official and individual
capacities; OFFICER PICOLLI, in his
official and individual capacities;
MICHAEL SPOSATO, Sheriff, in his
official and individual capacities;
JOHN DOE, Medical Staff, in his
official and individual capacities;
EDWARD P. MANGANO, in his official
and individual capacities; and JOHN
DOE, Grievance Officer, in his
official and individual capacities;

                    Defendants.
----------------------------------X
```

---

¹ In his Complaint, Plaintiff identifies this defendant's last name as "D. Stefano or DeStefano." (Compl. at 3.) For clarity and consistency, this Order will refer to this defendant as "Stefano." The Court does so without deciding the correct surname for this defendant.

APPEARANCES
For Plaintiff:      Raheem Edwards, pro se
                    06A6473
                    Clinton Correctional Facility
                    P.O. Box 2001
                    Dannemora, NY 12929

For Defendants:    No appearances.

SEYBERT, District Judge:

On July 29, 2013, pro se plaintiff Raheem Edwards ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Officer D. Stefano #297 or #2970 ("Stefano"), Officer John Doe #2853 ("Officer Doe"), Corporal John Doe ("Corporal Doe"), Officer Pette #297 or #2970 ("Pette"), Sgt. McNamara ("McNamara"), Sgt. O'Brien ("O'Brien"), Officer Carpio #3003 ("Carpio"), Corporal Anderson ("Anderson"), Officer Picolli ("Picolli"), Michael Sposato ("Sposato"), John Doe of the Medical Staff ("John Doe"), Edward Mangano ("Mangano"), and Grievance Officer John Doe ("Grievance Officer Doe"). Plaintiff's Complaint is accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the

Complaint is sua sponte DISMISSED IN PART.

BACKGROUND[2]

The Complaint alleges that on April 19, 2013, various staff members at the Nassau County Jail in East Meadow, New York separated Plaintiff from the prison population and assaulted him. (Compl. ¶ IV.) Specifically, Plaintiff claims that as he was heading to outdoor recreation, Stefano approached Plaintiff and asked Plaintiff a question. (Id.) Before Plaintiff could respond, Corporal Doe sprayed Plaintiff with "O.C. Spray." (Id.) Several officers then punched Plaintiff in the face, head, back, and side. (Id.) Immediately following the assault, Plaintiff received minimal medical treatment. (Compl. ¶ IV, Continuation Annexed to Complaint.) Although Plaintiff requested additional medical treatment, his requests were denied. (Id.) Since then, Plaintiff has experienced severe headaches, back pain, and shoulder pain. (Compl. ¶ IV. A.)

Plaintiff seeks injunctive relief, $1,000,000 in compensatory damages, and $5,000,000 in punitive damages. (Compl. ¶ V.)

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

DISCUSSION

I. Application to Proceed In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). As stated earlier, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010), aff'd. --- U.S. --

4

--, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing Iqbal, 556 U.S. 662). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. See Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010). With these standards in mind, the Court considers Plaintiff's claims.

   A.   <u>County Executive Edward Mangano, Sheriff Michael Sposato, John Doe of the Medical Staff, and Officer Pette</u>

Although Plaintiff names Nassau County Executive Edward Mangano, Nassau County Sheriff Michael Sposato, John Doe of the Medical Staff, and Officer Pette as Defendants, there are no factual allegations concerning them, nor are they mentioned in the

body of the Complaint. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007), aff'd, 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995))). As such, Plaintiff has not provided any information as to the personal involvement of these Defendants in the incident in question.

Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. See Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009) (citations omitted). Given that Defendant Mangano is the County Executive of Nassau County and Defendant Sposato is the Nassau County Sheriff, it appears that Plaintiff seeks to hold these Defendants liable solely because of their supervisory positions. A supervisor cannot be liable for damages under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Here, Plaintiff's Complaint does not include any factual

7

allegations sufficient to demonstrate any personal involvement by Defendants Mangano or Sposato.

Accordingly, the Section 1983 claim asserted against County Executive Mangano, Sheriff Sposato, John Doe of the Medical Staff, and Officer Pette are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

B. <u>Grievance Officer John Doe</u>

Plaintiff asserts that Grievance Officer Doe violated his rights by failing to respond to the grievances Plaintiff filed regarding the assault. (Compl. ¶ IV, Continuation Annexed to Complaint.) Failure to respond to a grievance, however, does not rise to the level of a constitutional violation. <u>See</u> <u>Shell v. Brzezniak</u>, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005) ("[I]nmate grievance programs created by state law are not required by the Constitution and consequently allegation that prison officials violate those procedures does not give rise to a cognizable 1983 claim.") (citation omitted); <u>Torres v. Mazzuca</u>, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("Prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment."). Therefore, a claim of failure to respond to an inmate grievance, such as this, which seeks to remedy an alleged violation of a state prison's inmate grievance procedures, does not state a claim upon

which relief can be granted and must be DISMISSED WITHOUT PREJUDICE.

    C. <u>Defendants Stefano, Officer John Doe #2853, McNamara, O'Brien, Carpio, Anderson, and Picolli</u>

Affording the pro se Complaint a liberal construction, Plaintiff's Section 1983 claims against these individual Defendants shall proceed; the Court declines to sua sponte dismiss these claims at this early stage in the proceeding. See McEachin, 357 F.3d at 200 ("We have frequently reiterated that '[s]ua sponte dismissal of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982)); See also Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (internal citations and quotations omitted).

    D. <u>Corporal John Doe</u>

The claims against Corporal Doe will also proceed. However Corporal Doe is identified in the Complaint only by a title

9

and the generic name "John Doe" given by the Plaintiff. The United States Marshals Service will not be able to serve him without more information. Accordingly, the Clerk of Court shall send a copy of the Complaint and this Order to the Nassau County Attorney. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the Court requests that the Nassau County Attorney ascertain the name of the officer identified by the Plaintiff as Corporal John Doe employed at the Nassau County Correctional Center, also known as the Nassau County Jail, in East Meadow, New York, who was involved in the incident described in the Complaint which is alleged to have occurred on April 19, 2013. The Nassau County Attorney need not undertake to defend or indemnify this individual at this juncture. This Memorandum and Order merely provides a means by which Plaintiff may properly serve this Defendant as instructed by the Second Circuit in Valentin. The Nassau County Attorney is hereby requested to produce the information specified above regarding the identity of Corporal John Doe to the Plaintiff and to the Court within two (2) weeks from the date that this Order is served upon him. Once this information is provided, Plaintiff's Complaint will be amended to include the name for the person currently identified as Defendant Corporal John Doe. At that time, the Clerk of the Court shall issue a Summons and shall forward copies of the Summons and the Complaint to the United States Marshals Service for service

upon the Defendant currently identified as Corporal John Doe without prepayment of fees.

IV. Leave to Replead

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend the Complaint "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

As Plaintiff may plausibly raise a claim against Defendants Edward Mangano, Michael Sposato, John Doe of the Medical Staff, Officer Pette, and Grievance Officer John Doe, such claims

11

are DISMISSED WITHOUT PREJUDICE and with leave to replead. If Plaintiff wishes to file an Amended Complaint, he must do so within thirty (30) days of the date of this Memorandum and Order. The Amended Complaint must be titled "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 13-CV-4345 (JS)(AKT). Plaintiff's Amended Complaint will supercede his original Complaint. Therefore all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff does not file an Amended Complaint, his claims against these defendants will be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim as to Defendants Edward Mangano, Michael Sposato, John Doe of the Medical Staff, Officer Pette, and Grievance Officer John Doe. Plaintiff's Amended Complaint must be filed within thirty (30) days from the date of this Memorandum and Order. If Plaintiff does not timely file an Amended Complaint, his claims against Defendants Edward Mangano, Michael Sposato, John Doe of the Medical Staff, Officer Pette, and Grievance Officer John Doe will be dismissed with prejudice.

The Court requests that the Nassau County Attorney ascertain the name of the Defendant identified by the Plaintiff as

Corporal John Doe employed at the Nassau County Correctional Center, who was involved in the incident described in the Complaint which is alleged to have occurred on April 19, 2013. This information is requested to be produced to the Plaintiff and to the Court within two (2) weeks from the date that this Memorandum and Order is served upon the Nassau County Attorney. Once this information is provided, the Clerk of Court shall issue Plaintiff's Summons and shall forward the Summons and a copy of the Complaint to the United States Marshals Service for service upon the Defendant currently identified as Corporal John Doe without prepayment of the filing fee.

Plaintiff's claims shall proceed against Defendants Stefano, Officer John Doe #2853, McNamara, O'Brien, Carpio, Anderson, and Picolli. The Clerk of the Court is directed to issue Summonses for Defendants Stefano, Officer John Doe #2853, McNamara, O'Brien, Carpio, Anderson, and Picolli and to forward the Summonses and copies of the Complaint to the United States Marshal Service for service upon these Defendants without prepayment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45,

82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November __18__, 2013
       Central Islip, New York